UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00324-GNS-DW

KELVIN THOMAS, ET AL.                                                                    PLAINTIFFS

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                                                     DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand (DN 8). The matter is ripe for adjudication. For the following reasons detailed below, the Plaintiffs' motion is **GRANTED**.

### I.   BACKGROUND

Plaintiffs Kelvin Thomas and Keyaira Thomas were involved in an accident when their automobile was sideswiped by another vehicle. (Notice Removal Ex. B, at 2, DN 1-2 [hereinafter Police Report]). At the time of the accident, the Thomases had insurance through Allstate Property and Casualty Insurance Company ("Allstate"). (Notice Removal Ex. D, at 2, DN 1-4 [hereinafter Policy]). Their policy included Personal Injury Protection ("PIP") coverage in the amount of $10,000.00 for each passenger. (Policy 14). The Thomases alleged that they sustained injuries as a result of the accident and submitted individual claims to Allstate seeking reimbursement for medical treatment and PIP coverage benefits. (Am. Compl. ¶¶ 11-13, DN 32). Mr. Thomas incurred approximately $13,000.00 in medical bills related to the accident, and Ms. Thomas's bills totaled approximately $5,800. (Am. Compl. ¶¶ 29, 31). Allstate suspended

making a decision on any of the Thomases' claims pending the completion of its fraud investigation and therefore has not paid anything on these claims. (Am. Compl. ¶¶ 30, 32).

Allstate requested an Examination Under Oath ("EUO") be scheduled for both Thomases. (Def.'s Resp. Pls.' Mot. Remand Ex. 1, DN 11-1). The Thomases, through their attorney, refused to appear for an EUO. (Def.'s Resp. Pls.' Mot. Remand Ex. 2, DN 11-2). Allstate then filed a petition in Jefferson Circuit Court under KRS 304.39-280(3) seeking a court order authorizing it to take the deposition testimony and obtain an EUO of the Thomases. (Am. Compl. ¶ 25). The Thomases responded by requesting that the court deny Allstate's petition to conduct discovery in the case and seeking an order finding that Allstate improperly denied no-fault benefits to the Thomases. (Am. Compl. ¶ 26).

The Thomases subsequently filed the Amended Complaint seeking: (i) a declaratory judgment that Allstate "had no reasonable basis to deny or delay payment of no-fault benefits on the basis of demanding an examination under oath be completed prior to payment of no-fault benefits" and that the Thomases are "entitled to no-fault benefits and for injunctive relief preventing Defendant Allstate, as reparations insurer, from denying or delaying payment of no-fault benefits on its insureds behalf in the future . . . to prevent this conduct in the future"; (ii) an injunction "preventing Allstate, as reparations insurer, from the unnecessary, unreasonable and ultimately unlawful practice of denying or delaying payment of no-fault benefits without following the statutory mandates of the Kentucky Motor Vehicle Reparations Act"; and (iii) "damages including 18% interest, attorney fees and failure to pay past-due no-fault benefits" for violations of the Kentucky Motor Vehicle Reparations Act ("MVRA"). (Am. Compl. ¶¶ 73-75, 78). Additionally, the Thomases "stipulate[d] that the total damages claimed for them and each putative class member is less than $75,000.00 per each plaintiff." (Am. Compl. ¶ 79).

The Thomases also contend they are representatives of a putative class, which they seek to certify, of similarly situated individuals in Kentucky who were denied or had payment of no-fault benefits denied or delayed on the basis of the individuals refusing to submit to an examination under oath. (Am. Compl. ¶ 2). Thus, the Amended Complaint also seeks declaratory and injunctive relief on behalf of the entire class. (Am. Compl. ¶¶ 73-75, 78). Allstate removed this action from Jefferson Circuit Court asserting that the amount in controversy was satisfied by combining Plaintiffs' claims for compensatory damages, injunctive relief, and attorney's fees. (Notice Removal, ¶¶ 24-33, DN 1). Plaintiffs have moved to remand this matter to state court, and this matter is ripe for adjudication. (Pls.' Mot. Remand, DN 8).

## II. REMOVAL JURISDICTION AND REMAND

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted) (citation omitted). The removal statute, 28 U.S.C. § 1441, "authorizes" defendants to remove "civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 81 (2005) (citation omitted). "In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Exxon Mobil*, 545 U.S. at 552 (citing 18 U.S.C. § 1332). "[Section] 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Id.* at 552. "To satisfy the amount-in-controversy requirement *at least one plaintiff's claim* must independently meet the amount-in-controversy specification."

*Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Exxon Mobil*, 545 U.S. at 551) (emphasis added).

A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). Where plaintiffs seek "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000. *Id.* at 158. The use of the preponderance of the evidence standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (internal quotation marks omitted) (quoting *Gafford*, 997 F.2d at 158).

### III. DISCUSSION

Allstate maintains that the amount in controversy exceeds $75,000 because Plaintiffs have requested declaratory and injunctive relief that will require Allstate to pay out PIP benefits to all insureds within thirty days of receipt without the opportunity to investigate for fraud and because Plaintiffs have requested statutory attorney's fees under the MVRA. (Notice Removal 9). After calculating the amount in controversy with respect to the compensatory damages, injunctive and declaratory relief, and statutory attorney's fees, the Court concludes that Allstate

has failed to satisfy its burden of establishing that it is more likely than not that the amount in controversy will exceed $75,000.[1]

### A. Compensatory Damages

The PIP benefits available through the Allstate policy are a maximum of $10,000.00 per individual, combined with the 18% interest per annum as prescribed in the MVRA. *See* KRS 304.39-210(2). The class period asserted in the Amended Complaint is for the time period from May 1, 2011, to the present. (Am. Compl. ¶ 2). Thus, the addition of six years of statutory interest for any one plaintiff claiming $10,000 in past-due PIP benefits could total as much as $10,800 through April 2017 and, consequently, the absolute maximum any single Plaintiff could receive through that date would be $20,800.[2] This is still over $54,000 below the jurisdictional threshold. Allstate does not dispute that the compensatory damages do not reach the amount in controversy, but instead argues that the addition of the value of injunctive relief and statutory attorney's fees to the compensatory damages amount boosts the total over $75,000. *See Hunt v. Wash. St. Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (holding that the value of declaratory relief must be included in the calculation of the amount in controversy).

### B. Declaratory and Injunctive Relief

When a party seeks declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v.*

---

[1] Plaintiffs "stipulate that the total damages claimed for them and each putative class member is less than $75,000.00 . . . ." (Am. Compl. ¶ 79). This stipulation is non-binding on the absent class members and therefore, the stipulation is not determinative regarding Plaintiffs' motion to remand. *See Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (holding that a class-action plaintiff who stipulates, prior to certification of the class, that he and the class he seeks to represent will not seek damages that exceed the amount in controversy does not thereby prevent removal).

[2] One year of interest on a claim for $10,000 in past-due PIP benefits would be $1,800.00. If a plaintiff's benefits were wrongfully denied at the beginning of the class period, the statutory interest would total at $10,800.00 ($1,800 x 6) through April 2017 based on simple interest.

*Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Hunt*, 432 U.S. at 347). "[T]here is a circuit split as to whether a court may determine the amount in controversy from the perspective of either party (the 'either viewpoint rule') or whether a court may only consider the plaintiff's viewpoint." *Everett*, 460 F.3d at 829 (internal quotation marks omitted) (quoting *Olden v. LaFarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004)). "The Sixth Circuit has not yet resolved whether it 'view[s] the amount in controversy from the perspective of the plaintiff or the defendant.'" *Skudnov v. Nat'l City Bank*, No. 1:10CV-98-M, 2010 WL 3069103, at *1 (W.D. Ky. Aug. 4, 2010) (quoting *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009)). Nonetheless, the Sixth Circuit has stated that "[i]t is generally agreed . . . that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (internal quotation marks omitted) (quoting *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 F. App'x 194, 195-96 (6th Cir. 2005)).

Plaintiffs contend that this Court should follow the language in *Smith* and hold that the amount in controversy is to be determined from their perspective. In support, Plaintiffs rely on the recent case of *Houchens v. Gov't Emps. Ins. Co.*, No. 3:13-CV-00214-CRS, 2013 WL 5740131 (W.D. Ky. Oct. 22, 2013), in which this Court relied on *Smith* in similar circumstances in holding that injunctive relief is to be determined from the point of view of the plaintiff. *Id.* at *3. Allstate argues that *Smith* and *Houchens* are distinguishable from the case at hand because jurisdiction in those cases was based on the Class Action Fairness Act ("CAFA") rather than "general diversity." (Def.'s Resp. to Pls.' Mot. to Remand 9). This Court, however, sees no language in *Smith* or *Houchens* where the Court limited the application of *Smith* to cases brought

6

under CAFA. Thus, this Court is inclined to follow the previous rulings of this Court and view the cost of the injunctive relief from Plaintiffs' perspective.

This Court on several occasions has cited the proposition in *Smith* that the view of the plaintiff should be applied when determining the economic value of injunctive relief in cases that did not base its jurisdiction in CAFA, but in general diversity. *See Aus-Tex Expl., Inc. v. Res. Energy Techs., LLC*, 646 F. Supp. 2d 874, 880 (W.D. Ky. 2009) ("Although subject to conflicting authority amongst the Circuits, it is 'generally agreed' within the Sixth Circuit 'that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" (internal quotation marks omitted) (citation omitted)); *Glass v. Steinberg*, No. 3:09-CV-355-H, 2010 WL 6592935, at *1 (W.D. Ky. Jan. 15, 2010) ("Despite the ambiguity in cases like *Northup Properties*, the Court will follow the language of *Smith* and determine the amount in controversy from the perspective of Plaintiff."); *Armstrong Coal Co. v. Blackburn*, No. 4:12-CV-00089-JHM, 2013 WL 495410, at *3 (W.D. Ky. Feb. 7, 2013) ("The Sixth Circuit has stated that 'the amount in controversy should be determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect."'" (quoting *Woodmen of the World*, 129 F. App'x at 195)). Therefore, although the Sixth Circuit has not yet decided which viewpoint controls when determining the value of injunctive relief, this Court will follow the language of *Smith* and the value of the injunctive relief will be determined from the perspective of Plaintiffs.

As such, from Plaintiffs' perspective, the object of the litigation is the amount of PIP benefits for which Plaintiffs' claim Allstate has illegally delayed payment. The maximum recovery of any class member allowed by the Allstate Policy is $10,000.00. Thus, the injunctive and declaratory relief would add no extra value to the amount in controversy beyond the

7

compensatory damages. *See Houchens*, 2013 WL 5740131, at *6 (noting that the amount sought for compensatory damages could not be combined with the value of the injunctive relief where "the amount in controversy relative to Plaintiffs' injunctive and declaratory relief effectively subsumes any amount in controversy that might be credited to Plaintiffs' claims for compensatory damages. In other words, [the defendant] cannot twice count the amount of reparation benefits sought by Plaintiffs in calculating the amount in controversy.") . Therefore, the amount in controversy is not satisfied by the value of the injunctive relief in this matter.

Moreover, Allstate's argument suggesting this Court should apply the "either viewpoint" rule misses the mark. The Sixth Circuit has held that the "either viewpoint" approach cannot be applied in class actions as a way to end-run anti-aggregation principles. *See Siding & Insulation Co., Inc. v. Acuity Mut. Ins. Co*., 754 F.3d 367, 372-73 (6th Cir. 2014). In their Amended Complaint, Plaintiffs are essentially asking that Allstate comply with KRS 304.39-210(1), which requires payment of no-fault benefits within 30 days after receipt of reasonable proof of medical bills, and that this time cannot be delayed to take an examination under oath or any other investigative functions. Allstate asserts that this relief will cause them to pay out all claims without an investigation and that "[u]pon information and belief, during the class period, Allstate has identified at least (8) fraudulent Kentucky PIP claims. Clearly, the cost of enforcing the injunctive relief sought here would cost Allstate far more than the $75,000 threshold." (Def.'s Resp. Pls.' Mot. Remand 8). Allstate argues that compliance with any injunctive or declaratory relief will result in the immediate payment of benefits to several PIP claimants, and thus, the amount in controversy is satisfied. In sum, Allstate is asking the Court to aggregate value of the injunctive relief potentially sought by multiple insureds.

Despite Allstate's contentions, the cost of injunctive relief cannot be aggregated in a class action. *Siding*, 754 F.3d at 367; *see also Crosby v. Am. Online, Inc.*, 967 F. Supp. 257, 265 (N.D. Ohio 1997) ("A defendant should not be able to *aggregate* its potential costs of complying with injunctive relief sought by multiple plaintiffs in order to obtain a federal forum when the plaintiffs cannot do so relative to their claims."). In *Siding*, the Sixth Circuit rejected application of the "either-viewpoint" rule in a class action as it would in effect circumvent the anti-aggregation rule. *Siding*, 754 F.3d at 372-73. The parties asked the Sixth Circuit to assess the amount in controversy by use of the either viewpoint rule and observed that it would cost the defendant $2 million to comply with the injunction. *Id*. at 369. The court declined, holding that it lacked subject matter jurisdiction in declaratory judgment actions where the threshold of $75,000.00 is not satisfied by a single plaintiff in the action. *Id*. at 373. The court explained that although some courts in this circuit have used the either-viewpoint rule when analyzing the amount in controversy, none of these cases have dealt with a claim aggregation issue and the court "fail[ed] to see how this maxim for quantifying declaratory judgment actions trumps the venerable rule against aggregating claims." *Id*.

This is precisely what Allstate is suggesting here. Allstate goes even further in its proposition, arguing not only that the injunctive relief of multiple Plaintiffs should be aggregated, but additionally that the claims of hypothetical PIP beneficiaries who are not even parties to this litigation should be considered as well. In consideration of *Siding*, this Court declines to view the potential cost of the injunction to Allstate in light of the anti-aggregation rules. *See also Allstate Ins. Co. v. Kaigler & Co*., No. 3:13-CV-01043, 2015 WL 520542, at *4 (M.D. Tenn. Feb. 9, 2015) (applying *Siding* and concluding that the cost of complying with the declaratory judgment as to the entire class could not be considered when determining that

amount in controversy). Thus, the amount in controversy will not be met through the addition of the value of the injunctive and declaratory relief in this matter.

## C. Attorney's Fees

Allstate contends that the amount in controversy can be met by the addition of statutory attorney's fees to the monetary relief sought. "The Sixth circuit has held that reasonable attorney's fees may be included in determining the jurisdictional amount in controversy in diversity cases, assuming those fees are allowed by statute." *Hampton v. Safeco Ins. Co. of Am.*, No. CIV.A. 13-39-DLB, 2013 WL 1870434, at *1 (E.D. Ky. May 3, 2013) (citing *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009). The MVRA specifically allows for recovery of attorney's fees in actions brought under the statute. KRS 304.39-220(1). To meet the jurisdictional threshold, the award of attorney's fees would have to be in the excess of $56,000.00 for a single plaintiff.[3] *See Farkas v. Bridgestone/Firestone, Inc.,* 113 F. Supp. 2d 1107, 1114 (W.D. Ky. 2000) ("Allowing aggregated attorneys fees to determine the amount in controversy . . . would effectively render moot much of the current law on aggregation. Therefore, this Court declines to aggregate the total attorneys fees to satisfy the amount in controversy requirement." (citations omitted)). Plaintiffs do not object to the proposition that attorney's fees are included in the amount in controversy determination; rather, they argue that Allstate's estimation of attorney's fees is unreasonable and cannot be used to satisfy the amount in controversy requirement.[4] The Court agrees.

---

[3] As noted above, the maximum that any plaintiff can receive from compensatory damages through April 2017 would be $20,800.00. Because injunctive relief would not be combined with this amount, Allstate needs to show that it is more likely than not that a single Plaintiff in the class will be awarded at the very least, $54,200 in attorneys' fees to meet the jurisdictional threshold.

[4] Plaintiffs' counsel attached a stipulation of attorney's fees as an exhibit to its reply to Allstate's Response to Plaintiffs' Motion to Remand. (Pls.' Reply Mot. Remand Ex. 1, DN 14-1). This

In its Notice of Removal, Allstate attaches two cases concerning PIP benefits where a Kentucky court awarded statutory attorney's fees of $87,117.00 and $95,701.50 after the completion of a jury trial. (Notice of Removal, Ex. D, at 9). Allstate also argues that it is common for counsel representing PIP claimants to seek and be awarded statutory attorney fees in the range of $50,000-70,000; however, Allstate offers no support for this proposition. Allstate proposes that an award of $56,000 in attorney's fees for a single Plaintiff is reasonable where the underlying damage per claim would not exceed roughly $20,000. Thus, attorneys' fees would more than double the amount of recovery. *See Houchens*, 2013 WL 5740131, at *6 (assuming that if attorney's fees were awarded at a rate of 50%— "a fairly high percentage"—the jurisdictional threshold would still not be met). *See also Francis v. Madison Nat'l Life Ins. Co.*, No. 09-12345, 2009 WL 2390579, at *5 (E.D. Mich. July 31, 2009) (declining to consider attorney's fees for purposes of the amount in controversy that were not expressly allowed by

---

stipulation was not considered because it is untimely. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. . . . [W]e hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."). *See also Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (noting that post-removal stipulations reducing the amount in controversy below the jurisdictional threshold "are generally disfavored because [i]f the plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." (internal quotation marks omitted) (alteration in original) (citations omitted)). This Court has allowed stipulations of the amount in controversy after removal because in Kentucky plaintiffs are prevented from pleading a specific amount of damages; therefore, "[w]hen a post-removal stipulation is the *first* specific statement of the alleged damages then it is considered a clarification, rather than a reduction, and the case may be remanded." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) (emphasis added). *See also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 777-78 (W.D. Ky. 2002); *Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-cv-00046-TBR, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013); *Leavell v. Cabela's Wholesale, Inc.*, No. 3:15-cv-00809-JHM, 2015 WL 9009009, at *2 (W.D. Ky. Dec. 15, 2015). Here, the stipulation of attorney's fees was neither attached to the Plaintiffs' statement of alleged damages nor the present motion. Plaintiffs raised the stipulation for the first time in their reply to Defendant's response to the motion. (Pls.' Reply Mot. Remand Ex. 1).

statute, but noting that "it is doubtful that a reasonable attorney fee would make up the nearly $30,000 shortfall between the unpaid disability benefits that have accrued to date ($45,472) and the requisite $75,000 amount in controversy for diversity jurisdiction.").

Although Allstate has pointed to cases demonstrating that it is *possible* for an award of attorney's fees to reach upwards of $95,000 in a PIP case under the MVRA, it has not demonstrated that this is *probable*. Allstate has not satisfied its burden to show that it is more likely than not Plaintiffs will receive an award of attorneys' fees in which each Plaintiff's pro rata share will be in the excess of $54,000 such that the amount in controversy satisfies the jurisdictional amount. Accordingly, this matter is resolved in favor of the non-removing party, and the Court concludes that the jurisdictional amount requirement for diversity jurisdiction has not been met.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (DN 8) is **GRANTED**, and this case shall be remanded to the Jefferson Circuit Court. The Clerk shall strike this case from the Court's active docket.

**Greg N. Stivers, Judge**
**United States District Court**
January 10, 2017

cc: counsel of record
    Jefferson Circuit Court (Civil Action No. 16-CI-691)